IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREA MARKUM,<br><br>    Plaintiff,<br><br>v.<br><br>ATLANTA DETOX CENTER, LLC.<br>D/B/A TRUHEALING ATLANTA<br>MEDICAL OFFICE,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Andrea Markum ("Plaintiff" or "Ms. Markum"), by and through their undersigned counsel, and files this, their Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Atlanta Detox Center LLC d/b/a TruHealing Atlanta Medical Office ("Defendant") for violations of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA"),  Age Discrimination in

Employment Act, 29 U.S.C. § 621, 626(d)(1), et seq. (ADEA) and the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. (hereinafter the "FLSA").

## JURISDICTION AND VENUE

### 2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331,

42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 1343, § 621, 626(d)(1), and 29 U.S.C. § 216(b).

### 3.

The unlawful employment practices alleged in this Complaint were

committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C.

§2000(e)-5(f), venue is appropriate in this Court.

### 4.

Defendant does business in and is engaged in commerce in the State of

Georgia and is subject to jurisdiction over the claims asserted herein. Venue is proper

in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this

district and a substantial part of the events and omissions that gives rise to Plaintiff's

claims occurred in this district.

## **ADMINISTRATIVE PROCEDURES**

5.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff filed their Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 23, 2022, and the EEOC issued its Notice of Right to Sue on October 7, 2022.

6.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## **PARTIES**

7.

Plaintiff is a Female citizen of Georgia and the United States of America and is subject to the jurisdiction of this Court.

8.

At all times relevant to the allegations in this Complaint, Plaintiff was over forty (40) years old.

9.

Defendant employed at least twenty (20) people during the current or preceding calendar years for the requisite duration under the ADEA. Defendant is therefore covered under ADEA in accordance with 29 U.S.C. § 621, 626(d)(1).

10.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C. § 201 et seq., 29 U.S.C. § 203(e). Defendant is employer within the meaning of FLSA § 203(d) and are not exempt under the Act.

11.

At all such times, Plaintiff was also an "employee" of Defendant, as defined under the ADA at 42 U.S.C. § 12111(4).

12.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the ADA. Defendans is therefore covered under ADA in accordance with 42 U.S.C. § 12111(5).

13.

Defendant is a private employer engaging in interstate commerce and, upon information and belief, their gross revenues exceed $500,000 per year.

14.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, located at 6400 Powers Ferry Road NW, Suite 200, Atlanta, GA 30339.

## FACTUAL ALLEGATIONS

15.

Plaintiff began working for Defendant on or about February 23, 2022, as a Regional Director of Operations.

16.

At the time of Plaintiff's employment, she was fifty-eight years old and was the oldest Regional Director in the facility.

17.

Plaintiff is a person with a disability.

18.

Plaintiff has sickle cell.

19.

The condition causes Plaintiff to experience extreme pain.

20.

Defendant had knowledge about Plaintiff's disability.

21.

During Plaintiff's employment with Defendant, she was subjected to discrimination and different treatment.

22.

Specifically, Plaintiff's direct supervisor, Aurielle Williams, who was thirty-one (31) years of age, engaged in rude, argumentative, hostile, manipulative, or otherwise unprofessional behavior towards Plaintiff.

23.

On or about April 15, 2022, Plaintiff's coworkers informed her that Defendant refused to provide them the approved 30 minute lunch break and instead, made them work without pay though their lunch break.

24.

Plaintiff spoke to Ms. Williams about issues concerning hourly-waged support personnel that were having to work through their lunch break and therefore

over 40 hours a week without overtime pay. Plaintiff informed Ms. Williams that such actions are a violation of the FLSA.

25.

Ms. Williams did not take any further actions to resolve the pay issue brought to her attention by Plaintiff.

26.

Further, Plaintiff spoke to Aron (last name unknown), Operations Manager, about employees' complaints about working through lunch break. Aron informed Plaintiff that "This is the way it's always been."

27.

Ms. Williams' offensive behavior towards Plaintiff continued and the atmosphere of the facility become even more hostile.

28.

On or about May 6, 2022, Plaintiff decided she could not continue to work with Ms. Williams. Plaintiff sent a resignation letter to Human Resources Director, Michael Tyler, explaining her decision to resign due to Ms. Williams' behavior and attitude.

29.

On that same day, Mr. Tyler rejected Plaintiff's resignation and suggested that Plaintiff speak with Ms. Williams and try to work their issues out.

30.

On or about May 6, 2022, Plaintiff had meeting with Ms. Williams as suggested by Mr. Tyler. During this meeting, Plaintiff expressed her concerns about Ms. Williams' behavior and hostile treatment towards her. She also informed Ms. Williams again about the concerning practices that took place at the facility, such as hourly-waged non-exempt support personnel that were having to work through their lunch break and over 40 hours a week without overtime pay.

31.

Ms. Williams and Plaintiff agreed to try and work through their issues moving forward and Ms. Williams informed Plaintiff that she would speak with Greg L. Eger about the FLSA wage/overtime issue.

32.

After the meeting, Plaintiff officially rescinded her resignation via email/letter effective immediately, continued to show up for work and performed her duties.

33.

Plaintiff further followed up with Ms. Williams and spoke to Mr. Tyler about her complaints, but no improvement or changes were made regarding either the FLSA issues or Ms. Williams' actions.

34.

Ms. Williams continued her hostile behavior towards Plaintiff.

35.

On or about May 22, 2022, Plaintiff engaged in protected activity when she filed an official grievance with Defendant, complaining about Ms. Williams' hostile actions at work, and the company breaking FLSA standards regarding staffing and hours worked.

36.

On or about May 31, 2022, Plaintiff emailed Mr. Tyler to follow up on her grievance.

37.

On that same day, Mr. Tyler informed Plaintiff that he accepted her previously rescinded resignation, effective immediately.

38.

Plaintiff informed Mr. Tyler that she withdrew her resignation in writing after her meeting with Ms. Williams. Plaintiff stated that she should not be a subject to this type of treatment and retaliation because she filed a grievance and expected Defendant to follow its policies and investigate the matter.

39.

Mr. Tyler told Plaintiff that he needed to further consult with the company, and he would get back to her with their decision.

40.

The following week, Plaintiff was out sick with a sickle cell crisis. She notified Human Resources that she would be out sick and filled out the necessary paperwork with them for her absence.

41.

Plaintiff was sick for one week and returned to work after being cleared by her doctor.

42.

When Plaintiff returned to work, she received a phone call from Ms. Williams, who informed Plaintiff that she was terminated. The reason given by Ms. Williams

for termination was Plaintiff's one (1) week absence for sickness, despite the absence being approved.

43.

Ms. Williams was aggressive and told Plaintiff to pack her things and leave the facility immediately.

44.

Plaintiff expressed her surprise and told Ms. Williams that she cannot fire her because she took time off for her disability.

45.

Ms. Williams still told Plaintiff to leave, otherwise she would call the police.

46.

Plaintiff decided to leave the facility at the time to avoid causing a scene.

47.

When Plaintiff left the building, she received a phone call from Mr. Tyler, informing her that after further discussion with management they decided to put her on a thirty (30) day administrative leave, pending an investigation.

48.

That same day, Plaintiff sent Mr. Tyler an e-mail, copying Greg L. Eger, stating that she felt she was being retaliated against or punished due to her filing a grievance and/or her leave time for sickle cell.

49.

On or about June 17, 2022, Mr. Tyler called Plaintiff and informed her that they were accepting an alleged verbal resignation made by Plaintiff during her meeting with Ms. Williams on May 6, 2022. As referenced above in paragraph 32, Plaintiff formerly rescinded all resignations after her meeting that day with Ms. Williams and continued to perform her job duties until the day she was terminated.

50.

Mr. Taylor further informed Plaintiff that they were going to put Ms. Williams on a performance improvement plan, but that Plaintiff would no longer be working with Defendant.

51.

When Defendant terminated Plaintiff's employment, she was over forty (40) years of age and substantially older than other employees retained.

52.

Defendant's managers and other employees were younger than Plaintiff.

53.

Defendant had not imposed any discipline upon the Plaintiff during her employment.

54.

Defendant had issued no negative performance appraisals to the Plaintiff during her employment.

55.

Although Defendant purports to provide a legitimate, non-discriminatory reason for the adverse action, this reason is a pre-text for unlawful discrimination and retaliation in violation of the ADEA, ADA and FLSA.

56.

Defendant was put on administrative leave and eventually terminated because of her age, disability, perceived disability, and/or in retaliation for Plaintiff engaging in protected activity under the FLSA.

57.

If not for Plaintiff's age, disability status and/or protected activity under the FLSA, Plaintiff would not have suffered the adverse employment action.

58.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class.

## CLAIMS FOR RELIEF

## COUNT I: TERMINATION IN VIOLATION OF THE ADEA

59.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

60.

At all times relevant to the allegations in this Complaint, Plaintiff was over forty (40) years of age.

61.

Defendant hired Plaintiff on or about February 23, 2022.

62.

Defendant's employee, Mr. Tyler, terminated Plaintiff's employment on or about June 17, 2022.

63.

When Defendant terminated Plaintiff's employment, she was over forty (40) years of age and substantially older than other employees retained.

64.

After Plaintiff termination, Defendant hired only young employees under the age of 40.

65.

Defendant's actions in terminating Plaintiff's employment while retaining employees under age 40 violated the ADEA.

66.

Because Defendant violated the ADEA, Plaintiff has been damaged, suffering loss of pay and benefits.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

67.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

68.

Plaintiff had a physical impairment (sickle cell) that substantially limited one or more major life activities, including but not limited to moving, lifting, pulling, and working.

69.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

70.

Defendant was aware of Plaintiff's disability.

71.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and perceived disability within the meaning of the ADA, as amended.

72.

Plaintiff has a record of having a disability and perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

73.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

74.

Defendant forced Plaintiff on leave and subsequently terminated her because of her disability, perceived disability, or record of having a disability.

75.

By subjecting Plaintiff to this adverse employment action because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

76.

Although Defendant purports to provide a legitimate, non-discriminatory reasons for the adverse actions, these reasons are a pre-text for disability discrimination.

77.

Defendant treated other employees outside Plaintiff's protected class differently.

78.

Defendant's action in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination based on this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. Section 12111 et seq., 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981a.

79.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

80.

The effects of Defendant's illegal conduct has deprived Plaintiff of an equal employment opportunity, and has otherwaise adversely affected her status as an employee because of her disability.

81.

As a direct and proximate result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

82.

Under the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation, and all other relief recoverable under the ADA.

83.

Defendant discriminated against Plaintiff and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

84.

Plaintiff thus seeks compensatory and punitive damages pursuant to Section 102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. Section 1981(a) and (b).

## COUNT III: VIOLATION OF THE ANTI-RETALIATION PROVISION OF THE FAIR LABOR STANDARDS ACT

85.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

86.

Plaintiff engaged in protected activity by confronting Defendant about its its practice of requiring support personnel to work through their lunch break and willful refusal to pay overtime compensation to its employees. Plaintiff therefore engaged in protected activity under the FLSA.

87.

Defendant responded to Plaintiff's protected activity by forcing her to go on leave and terminating her employment.

88.

29 U.S.C. § 215(a)(3) makes it unlawful for any person "to discharge, or in any other manner discriminate against any employee, because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or

related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee."

89.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

90.

Defendant was prohibited from retaliating against Plaintiff because she engaged in activity protected under the FLSA.

91.

Defendant's actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

92.

Defendant knew that their conduct violated the FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

93.

Defendant's violations of the FLSA were willful and in bad faith.

94.

Plaintiff engaged in statutorily protected activity under the FLSA by opposing an employment practice she believed was unlawful under the FLSA.

95.

Plaintiff's statutorily protected activity was the determinative factor in Defendant's decision to terminate her employment.

96.

As a direct and proximate result of the retaliation, Plaintiff has sustained damages, including lost wages and emotional distress, for which she is entitled to recover from Defendant.

97.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover actual and liquidated damages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(i)     Grant Plaintiff a trial by jury as to all triable issues of fact;

(j)     Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA;

(k)     Grant declaratory judgment declaring that Plaintiff's rights have been

violated and that Defendant violated the FLSA;

(l)     Grant Plaintiff leave to add additional state law claims if necessary;

(m)     Award Plaintiff such further and additional relief as may be just and

appropriate; and

(n)     All other relief to which may be entitled.


Respectfully submitted this 7th of October, 2022.

**BARRETT & FARAHANY**

*s/Catherine Gavrilidis*
John E. Tomlinson
*Pro Hac Vice Application*
*Forthcoming*
Catherine Gavrilidis
Georgia Bar No. 565343

*Counsel for Plaintiff Andrea Markum*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
john@justiceatwork.com
catherine@justiceatwork.com